UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELICA WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:21 CV 462 CDP |
| ) | |
| CITY OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff Angelica Woods was employed by the City of St. Louis in the Towing Service Division of the Street Department as a clerk typist from April 2020 until February 2021. Woods claims that she was wrongfully discharged from her position because she reported misconduct by her coworkers to the Director of the Department of Streets for the City, James Wilson, among others. She filed this suit against the City and Wilson in his individual and official capacities under 42 U.S.C. § 1983 and the First Amendment, and against the City under St. Louis, Mo., Ordinance 70847 (Oct. 26, 2018) (the Whistleblower Ordinance). For the reasons stated below, I will grant Wilson's motion to dismiss Woods' § 1983 claim against him in his official capacity and I will decline to exercise supplemental jurisdiction over Woods' Whistleblower Ordinance claim. Woods' § 1983 claims against the City and against Wilson in his individual capacity remain pending.

**Plaintiff's Allegations**

Woods has been employed by the City for more than 23 years, but she began working as a Clerk typist for the City's tow lot in April of 2020. Woods alleges that after joining the tow low, she observed her coworkers engage in repeated misconduct, including fraud and other financial improprieties. According to Woods, the City's towing services have been "plagued with scandal for years" (Compl., ECF 1 ¶ 9) and the City has a history of retaliating against employees who have "talked too much." ECF 1 ¶ 12. Beginning in October 2020, Woods reported the misconduct to the St. Louis Comptroller's Office, the Mayor's Office, the Director of Operations, the Personnel Department, and the Commissioner of Streets, not knowing that previous employees had been retaliated against for reporting misconduct. She alleges that after her report, her coworkers subjected her to a hostile work environment. As a result, Woods requested FMLA leave for stress from November 25 to December 11, 2020.

In December, Woods spoke to Wilson about additional misconduct, but her harassment at the tow lot increased. On or about January 19, 2021, Woods, through counsel, complained about her hostile work environment in accordance with procedures outlined in the Whistleblower Ordinance. Two days later, Woods was notified that the City intended to fire her based on allegations made against her in November and December 2020. Wilson later terminated Woods for reasons she

claims were pretextual, "just as he had retaliated against the two previous tow lot employees who dared to report misconduct at the City tow lot." ECF 1 ¶ 32. She claims that the real reason for the termination was to "send a message to other City employees . . . that they better not report serious misconduct involving the tow lot . . . ." ECF 1 ¶ 33.

Woods filed suit on April 22, 2021. In Count I of her complaint, she claims that her protected speech was a motivating factor and/or played a part in the defendants' decision to terminate her in violation of 18 U.S.C. § 1983 and the First Amendment. In Count II, she claims that the City violated the Whistleblower Ordinance when it terminated her employment and subjected her to a hostile work environment.

The City moves to dismiss Count II under Rule 12(b)(6), Federal Rules of Civil Procedure. It argues that Count II fails to state a claim upon which relief can be granted because the Whistleblower Ordinance does not create a cognizable private right of action. Wilson moves to dismiss Count I against him in his official capacity because it is functionally equivalent to Woods' claim against the City.

## Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint. When reviewing a Rule 12(b)(6) motion, I assume the factual allegations of the complaint are true and construe them in the plaintiff's

favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). To survive dismissal, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). It must contain sufficient factual matter, accepted as true, to state a claim for relief "that is plausible on its face." *Iqbal,* 556 U.S. at 678. It need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. The issue in determining a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but whether she is entitled to present evidence in support of the claim. *See Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

## Discussion

1. **Supplemental Jurisdiction Over Count II**

The Court does not have original jurisdiction over Count II, Woods' Whistleblower Ordinance claim, because Count II does not arise under federal law and the parties are not citizens of different states. *See* 28 U.S.C. §§ 1331–1332. I may exercise supplemental jurisdiction over Count II because it is "so related to the claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy . . . . " 28 U.S.C. § 1367(a). However, I may

decline to exercise supplemental jurisdiction over a claim . . . if the claim raises a novel or complex issue of State law . . . ." *Id.* § 1367(c)(1).

The Whistleblower Ordinance prohibits retaliation against employees who make a written report describing improper government action to an appropriate auditing official. § 4. It provides for a variety of remedies for employees subjected to adverse employment action for reporting improper government action, including restitution, reinstatement, or reimbursement for lost wages or expenses incurred. *Id.* § 6. However, neither the parties nor the Court can identify an instance in which a Missouri court has ruled that the Whistleblower Ordinance creates a private cause of action.

The City argues that, as a municipal corporation, it does not have the power to create a private right of action. It notes that Missouri courts have repeatedly ruled "that a city has no power, by municipal ordinance, to create a civil liability from one citizen to another, nor to relieve one citizen from that liability by imposing it on another." *Yellow Freight Systems, Inc. v. Mayor's Comm'n On Human* Rights, 791 S.W.2d 382, 384 (Mo. 1990) (quoting *City of Joplin v. Wheeler*, 173 Mo.App. 590, 604-05 (1913)). The City also argues that the text of the ordinance demonstrates that the City did not intend to create a private right of action. Section Six provides that "[n]othing in this Ordinance shall prohibit an employee from pursuing his or her own private action to seek damages or other

remedies beyond those awarded by the City." The City claims this language demonstrates that drafters of the ordinance intended the remedies described therein as non-exclusive alternatives to private causes of action.

Woods acknowledges that a city may not, by municipal ordinance, create civil liability from one citizen to another. But she asks this court to afford her a remedy to enforce her rights under the "common law maxim: *Ubi ius, ibi remedium* – Where there is a right, there is a remedy." *State ex. inf. Ashcroft v. Kan. City Firefighters Local No. 42*, 672 S.W.2d 99, 109 (Mo. App. W.D. 1984). She notes that

> [w]hen a legislative provision protects a class of persons by proscribing or requiring certain conduct but does not provide a civil remedy for the violation, *the court may, if it determines that the remedy is appropriate in furtherance of the purpose of the legislation and needed to assure the effectiveness of the provision*, accord to an injured member of the class a right of action, using a suitable existing tort action or a new cause of action analagous to an existing tort action.

*Id.* (emphasis added) (quoting Restatement (Second) of Torts § 874A (1977)). Woods argues that the Court should do so here because she relied on the protections of the Whistleblower Ordinance when she reported improper government action. She claims the remedies described by the ordinance would be meaningless if they did not give rise to a private cause of action.

Because no Missouri court has determined whether the Whistleblower Ordinance creates a private cause of action, Count II would require me to resolve

issues of statutory construction and legislative intent—including whether a new cause of action "is appropriate in furtherance of the purpose of the legislation and needed to assure the effectiveness" of the ordinance—for the first time. *Ashcroft*, 672 S.W.2d at 109. This court is not the proper forum to litigate complex and unsettled questions of state law. Because this state-law claim raises novel and complex issues, I will exercise my discretion and decline to consider it. *See* 28 U.S.C. § 1367(c)(1).

### 2. Partial Motion to Dismiss Count I

Wilson asserts that Woods' official capacity claim against him in Count I is duplicative of her claim against the City. "[A] suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity," and therefore subject to dismissal. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). *See also Caruso v. City of St. Louis*, 2016 WL 6563472, at *1 (E.D. Mo. Nov. 4, 2016) ("It is proper for a court to dismiss a claim against a government officer in his official capacity as duplicative or redundant if the claims are also asserted against the officer's governmental employer."). I agree that Woods' claim against Wilson in his official capacity is duplicative of her claim against the City. I will therefore grant Wilson's motion. Woods § 1983 claim against Wilson in his individual capacity, and her § 1983 claim against the City, remain pending.

Accordingly,

**IT IS HEREBY ORDERED** that Wilson's partial motion to dismiss Count I [7] is **GRANTED**, and Count I is dismissed against Wilson in his official capacity.

**IT IS FURTHER ORDERED** that supplemental jurisdiction under 28 U.S.C. § 1367 over Count II is denied and Count II is dismissed without prejudice; the City's motion to dismiss Count II [5] is denied as moot.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of April, 2022.