UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELICA WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:21 CV 462 CDP |
| ) | |
| CITY OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

Plaintiff Angelica Woods alleges that the City of St. Louis's Director of the Department of Streets, James Wilson, wrongfully discharged her from her position as a clerk typist because she reported misconduct in her department. She brings one 42 U.S.C. § 1983 claim for a violation of the First Amendment and one Family Medical Leave Act claim against both Wilson and the City. The City now moves to dismiss Woods' § 1983 claim because it claims she failed to allege facts showing that it caused the alleged First Amendment violation.

A municipality may be liable under § 1983 if an "action pursuant to official municipal policy" caused a plaintiff's injury. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Official municipal policy includes "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). The City argues that Woods has

failed to allege facts showing that a decision of the City's lawmakers, the acts of its policymaking officials, or persistent practices of unconstitutional conduct caused Wilson to retaliate against her.

To withstand the City's motion, Woods's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Woods need not demonstrate that the claim is probable, only that it is more than just possible. *Id.*

In her briefing, Woods does not argue that the City's lawmakers or policymaking officials caused Wilson to wrongfully retaliate against her for reporting misconduct. Instead, she argues that the City has a custom of laxness and inaction in response to known wrongful conduct in the Towing Services Division of the Department of Streets. To support her argument, she cites her allegations of unlawful activity in the Towing Services Division from 2009. (*See* ECF 49 at p. 2.) And she cites two instances in which she alleges the City retaliated against employees for reporting misconduct in 2019: one instance in which a tow-lot employee was assigned to another department after he reported misconduct to the City and local media, and one instance in which the

commissioner of the Towing Services Division was terminated after reporting similar misconduct. (ECF 49 at pp. 2-3.)

These allegations are insufficient to support Woods' claim. To state a municipal liability claim based on custom or usage, a plaintiff must show: (1) a continuing, widespread, and persistent pattern of unconstitutional misconduct by the government's employees, (2) deliberate indifference or tacit authorization of such conduct by policymaking officials after notice of the conduct, and (3) that the custom was a moving force behind the constitutional violation. *Johnson v. Douglas Cnty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013); *Jane Doe A v. Special Sch. Dist. Of St. Louis*, 901 F.2d 642, 646 (8th Cir. 1990).

As an initial matter, Woods appears to muddle the first and second elements: she appears to conflate a pattern of misconduct within the Towing Services Division with the City's laxness and inaction in response to that misconduct. Thus, it is not clear from her briefing whether she argues that her wrongful termination was caused by (1) the City's indifference to a custom of misconduct in the Towing Services Division, (2) the City's indifference to a custom of laxness and inaction in response to misconduct within the Towing Services Division, or (3) the City's indifference to a custom of retaliation against employees for reporting misconduct within the Towing Services Division.

None of these arguments are sufficient to withstand the City's motion. Even if her allegations showed customs of misconduct or laxness and inaction in

- 3 -

response to misconduct within the Towing Services Division, she does not explain how these customs caused Wilson to retaliate against her for reporting misconduct. And even if her allegations of two instances of retaliation against employees were sufficient to show a "continuing widespread, and persistent pattern of unconstitutional conduct"—and I am dubious that they do—she makes no allegations showing that the City was aware of these instances of retaliation and tacitly authorized them. She merely insists that "[i]t is clear that the City had knowledge of acts of retaliation against whistleblowers" and tacitly authorized this retaliation, without any supporting allegations.[1] (ECF 54 at p. 5.)

Accordingly,

**IT IS HEREBY ORDERED** that defendant City of St. Louis's motion to dismiss is **GRANTED** and Count I of plaintiff Angelica Woods's amended complaint is dismissed against the City. Count I remains pending against defendant Wilson and Count II remains pending against defendant City of St. Louis.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of May 2023.

---

[1] Her sole allegation relating to the City's knowledge was that there was a KMOV television report in June 2019 related to city employees using vehicles from the tow lot. But this allegation, accepted as true, does not demonstrate that the City knew that its employees *retaliated* against others for reporting misconduct.

- 4 -